UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHANNON LEWIS** | **CIVIL ACTION NO. 14-3368** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JASON HANEMANN, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On December 3, 2014, Plaintiff Shannon Lewis ("Lewis"), acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Jason Hanemann ("Hanemann"), Justice Wrecker, and the State of Louisiana on behalf of the Louisiana Department of Motor Vehicles ("DMV"). Lewis alleges that Defendants violated her civil rights by improperly seizing her vehicle.

Lewis served all Defendants in this matter on January 6, 2015. Hanemann, a Louisiana State Trooper, and the DMV are represented by counsel provided by the State, who filed their Answer. Justice Wrecker, which is not represented by the State, did not file an answer or seek an extension of time to answer.

On March 6, 2015, Lewis filed a motion or request for entry of default [Doc. No. 14]. The Clerk of Court entered the default on March 9, 2015. [Doc. No. 15]. On March 17, 2015, Lewis filed a premature Motion for Default Judgment.[1] [Doc. No. 19].

On March 20, 2015, Justice Wrecker, through counsel, filed a proposed Answer to the

---

[1] Pursuant to Local Rule 55.1(C), "A judgment of default shall not be entered until 14 calendar days after entry of default."

Complaint [Doc. No. 20]. However, the Clerk of Court then issued a Notice of Deficiency [Doc. No. 21], explaining that Justice Wrecker had to file a motion to set aside the default before the deficiency would be removed.

On March 26, 2015, Justice Wrecker filed a "Notice of Motion and Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)" ("Motion to Set Aside Default") [Doc. No. 22].

Rule 55(c) provides that a district court "may set aside an entry of default for good cause." As the United States Court of Appeals for the Fifth Circuit has recognized, "[w]e have adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir.2014) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir.1999)). "'This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion.'" *Id.* (quoting *Rogers*, 167 F.3d at 936) (internal quotation marks and citations omitted)).

In this case, the Court finds good cause to set aside the entry of default. Justice Wrecker was acting without counsel, and its owner, Joe Pike ("Pike"), explains in his declaration that did not realize a response was necessary since his company was following the instructions of the Louisiana State Police. [Doc. No. 22. Pike Declaration]. Further, once Pike was notified by counsel for the Co-Defendants that a default had been entered against the company, he promptly retained counsel, attempted to file an answer, and did file the proper motion to set aside the default. Finally, the lawsuit is in the early stages of litigation, and Lewis will suffer no prejudice by the Court's decision. Accordingly,

IT IS ORDERED that Justice Wrecker's Motion to Set Aside Default [Doc. No. 22] is

GRANTED, and the default entered on March 9, 2015 [Doc. No. 15] is SET ASIDE.

IT IS FURTHER ORDERED that Lewis' Motion for Default Judgment is DENIED as MOOT.

MONROE, LOUISIANA, this 1st day of April, 2015.

>   *[signature: Robert G. James]*
>   ROBERT G. JAMES
>   UNITED STATES DISTRICT JUDGE